UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT J. DEMING,

        Petitioner,        Case No. 1:15-cv-852

v.        Honorable Janet T. Neff

SHIRLEE HARRY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Factual Allegations & Procedural History**

Petitioner is incarcerated in the Pugsley Correctional Facility. He pleaded *nolo contendere* in the Hillsdale County Circuit Court to five counts of breaking and entering with intent to commit larceny, MICH. COMP. LAWS § 750.110, in Case Nos. 12-362876, 12-362885, 12-362921, 12-362879 and 12-362878. The trial court sentenced Petitioner on April 15, 2013, to concurrent prison terms of 67 to 120 months. Petitioner also was ordered to pay restitution to the victims. Petitioner's sentences in this case were to be served consecutive to a sentence for a previous offense for which he was on parole at the time he committed the offenses at issue in this case.

Petitioner's appointed appellate counsel filed a motion to set aside a portion of the restitution obligations and for re-sentencing. Following a hearing on October 11, 2013, the trial court granted Petitioner's motion with regard to three of the criminal cases (Nos. 12-362876, 12-362885 and 12-362921) due to insufficient evidence to support the restitution order and denied the motion with regard to the remaining two cases (Nos. 12-362879 and 12-362878). On December 4, 2013, Petitioner was re-sentenced in Case Nos. 12-362876, 12-362885 and 12-362921 to the same sentence of 67-120 months with an amendment to the restitution order.

On January 7, 2014, Petitioner's appellate counsel filed a motion to vacate his appointment on the ground that any further action on Petitioner's behalf would be frivolous. The trial court granted counsel's motion on January 21, 2014. Petitioner sought appointment of substitute appellate counsel, which was denied by the trial court on February 20, 2014.

Thereafter, Petitioner filed a *pro se* delayed application for leave to appeal in the Michigan Court of Appeals raising the following claims of error:

  I. WAS HILLSDALE COUNTY DIVESTED OF SUBJECT MATTER JURISDICTION BECAUSE OF DOUBLE JEOPARDY PROHIBITION OF THE U.S. CONSTITUTION AND THE MICHIGAN CONSTITUTION

              WHERE DEFENDANT DEMING HAD BEEN PUNISHED FOR POSSESSION OF BURGLARY TOOL AND RECEIVING AND CONCEALING STOLEN PROPERTY IN IONIA COUNTY, AS HILLSDALE COUNTY WAS NOTIFIED AND FAILED TO JOIN IN THE PROSECUTION, WHICH RESULTED IN DOUBLE JEOPARDY VIOLATIONS OF THE U.S. AND MICHIGAN CONSTITUTIONS?

  II.      (A) IS OFFENSE VARIABLE 12 OF THE STATUTORY SENTENCING GUIDELINES TO BE SCORED USING A SEPARATE ACT THAT DID RESULT IN A SEPARATE CONVICTION? (B) IS DEFENDANT DEMING ENTITLED TO RESENTENCING WHERE DEFENSE/APPELLATE COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO THE SCORING OF OFFENSE VARIABLES 12, 13 AND 16 OF THE STATUTORY SENTENCING GUIDELINES?

  III.     IS OFFENSE VARIABLE 13 OF THE STATUTORY SENTENCING GUIDELINES TO BE SCORED ACCORDING TO THE FELONY CLASS OF WHAT DEFENDANT WAS ORIGINALLY CHARGED WITH, OR THE FELONY CLASS OF THE CHARGE DEFENDANT IS CONVICTED OF?

  IV.     (A) IS OFFENSE VARIABLE 16 OF THE STATUTORY SENTENCING GUIDELINES TO BE SCORED BY AGGREGATING MULTIPLE SEPARATE CASES TO COME UP WITH A GRAND TOTAL, THEN POINT VARIABLE? (B) DID TRIAL COURT ABUSE ITS DISCRETION IN CASES #12-36-2876, #12-36-2878, #12-36-2879, #12-36-2885, AND #12-36-2921 WITH THE INDIVIDUAL RESTITUTION ORDERS?

(*See* Delayed Application for Leave to Appeal in the Michigan Court of Appeals, docket #2-1, Page ID#58.) In an order issued on August 11, 2014, the Michigan Court of Appeals dismissed the application for leave to appeal with regard to the two cases for which Petitioner was denied re-sentencing because the application was not filed within six months of the April 15, 2013 judgment of sentence or the October 14, 2013 order denying the motion for resentencing as required by Mich. Ct. R. 7.502(G)(3). (*See* Mich. Ct. App. Ord., docket #2-1, Page ID#46.) On September 5, 2014, the court of appeals denied Petitioner's application for leave to appeal with regard to the remaining three cases for lack of merit in the grounds presented. (*See* Mich. Ct. App. Ord., docket #2-1, Page

ID#47.) Petitioner raised the same four claims in an application for leave to appeal in the Michigan Supreme Court. Petitioner appealed only with regard to the three cases ruled upon by the Michigan Court of Appeals. The supreme court denied Petitioner's application on March 31, 2015, because it was not persuaded that the questions presented should be reviewed by the court. (*See* Mich. Ord., docket #2-1, Page ID#112.)

Petitioner now raises the following four grounds for habeas corpus relief with regard to each of his five criminal convictions:

I. [PETITIONER'S] CONSTITUTIONAL RIGHT TO PROSECUTION UNDER THE DOUBLE JEOPARDY CLAUSE, U.S. CONST. AM. V, XIV; MICH. CONST. 1963 ART. 1 § 15, WAS VIOLATED WHEN HILLSDALE COUNTY DID NOT CONSOLIDATE THE CHARGES WITH IONIA COUNTY, OR BRING THEIR OWN CHARGES UNTIL AFTER PROSECUTION AND SENTENCE WAS COMPLETE IN IONIA COUNTY.

II. [PETITIONER'S] RIGHTS TO DUE PROCESS UNDER THE FEDERAL AND STATE CONSTITUTIONS, U.S. CONST. AM. V, XIV; MICH. CONST. 1963 ART. 1 § 17, WERE VIOLATED WHERE MICHIGAN STATUTORY SENTENCING GUIDELINE OFFENSE VARIABLE (OV 12) 12 WAS MISSCORED.

III. [PETITIONER'S] RIGHTS TO DUE PROCESS UNDER THE FEDERAL AND STATE CONSTITUTIONS, U.S. CONST. AM. V, XIV; MICH. CONST. 1963 ART. 1 § 17, WERE VIOLATED WHERE MICHIGAN STATUTORY SENTENCING GUIDELINE OFFENSE VARIABLE (OV 13) 13 WAS MISSCOR[E]D.

IV. [PETITIONER'S] RIGHT TO HAVE EFFECTIVE ASSISTANCE OF COUNSEL UNDER U.S. CONST. AM. VI; MICH. CONST. 1963 ART. 1 § 20, WAS VIOLATED WHEN BOTH TRIAL AND APPELLATE COUNSEL FAILED TO OBJECT TO THE DOUBLE JEOPARDY CLAUSE, MICHIGAN STATUTORY SENTENCING GUIDELINE OFFENSE VARIABLE 12 AND 13, AND WHERE APPELLATE COUNSEL WITHDREW PRIOR TO FULFILLMENT OF RESPONSIBILITIES OF MICHIGAN COURT RULE 6.425(G)(1)(D)(i-iii).

(Pet., docket #1, Page ID##7-14).

**Discussion**

I.        **Case Nos. 12-362879 and 12-362878**

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner was sentenced in Case Nos. 12-362879 and 12-362878 on April 15, 2013. He filed an application for leave to appeal with the Michigan Court of Appeals, but it was dismissed as untimely on August 11, 2014. Petitioner, therefore, failed to perfect an appeal in the state court of appeals. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added).

Petitioner had six months from the date of the order denying his motion for resentencing on October 14, 2013, until Monday, April 14, 2014, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the time that his appeal was pending in the Michigan Supreme Court; nor may he count the 90-period for filing a petition for a writ of certiorari. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of

appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).  Consequently, Petitioner's conviction became final on April 14, 2014.  Petitioner had one year from that date, until April 14, 2015, to timely file his habeas petition.  Petitioner filed the instant petition on or about August 20, 2015, more than four months after the statute of limitations expired.[1]  Consequently, Petitioner's claims arising from Case Nos. 12-362879 and 12-362878 are barred by the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on August 20, 2015, and it was received by the Court on August 24, 2015.  Thus, it must have been handed to prison officials for mailing at some time between August 20 and 24.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations. Moreover, Petitioner does not assert that he is actually innocent nor could he because he pleaded nolo contendere to the charges. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Petitioner, therefore, may not proceed under the miscarriage of justice exception.

    II.  **Case Nos. 12-362876, 12-362885 and 12-362921**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4,

6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

It appears that Petitioner properly exhausted his first ground for habeas relief asserting a violation of the Double Jeopardy Clause. In his second and third grounds for habeas corpus relief, Petitioner argues that the scoring of the offense variables violated his federal due process rights. While Petitioner raised claims in his direct appeal challenging the scoring of Offense Variables 12 and 13, he asserted only violations of state law. For a claim that due process rights were violated in sentencing, a petitioner does not exhaust an issue by raising arguments solely in the context of state law. *Riggins v. McMackin*, 935 F.2d 790, 792-93 (6th Cir. 1991). Because Petitioner did not "fairly present" his federal due process claim in the state courts, he failed to properly exhaust Grounds II and III of his habeas petition.

Petitioner also failed to fully exhaust Ground IV. Petitioner raised the claim of ineffective assistance of trial counsel for failing to challenge the scoring of the offense variable on direct appeal in the Michigan appellate courts. Consequently, that claim is exhausted. However, Petitioner raises his claim of ineffective assistance of trial counsel for failing to challenge the

charges on Double Jeopardy grounds and his claim of ineffective assistance of appellate counsel for the first time in the instant habeas petition. Petitioner did not raise those claims at each level of the Michigan appellate courts; therefore, he fails to satisfy the exhaustion requirement.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Hillsdale County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th

Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

As set forth above, Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 31, 2015. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 29, 2015. Accordingly, absent tolling, Petitioner would have one year, until June 29, 2016, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2] Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   September 28, 2015                         /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge